IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALISA SIMMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1389-M |
| | § | |
| TARRANT COUNTY 9-1-1 DISTRICT | § | |
| and GREGORY PETRY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER AWARDING ATTORNEYS' FEES
ON MOTION TO COMPEL**

**Background**

Defendants Tarrant County 9-1-1 District and Gregory Petry filed a Motion to Compel, *see* Dkt. No. 26, which District Judge Barbara M. G. Lynn has referred to the undersigned magistrate judge for determination, *see* Dkt. No. 27. The Court's April 4, 2014 order granted the motion in part and denied the motion in part as moot. *See* Dkt. No. 36.

In an April 23, 2014 order, the Court granted attorneys' fees as required by Federal Rule of Civil Procedure 37(a)(5). *See* Dkt. No. 39. The Court ordered the parties to confer about the reasonable amount of attorneys' fees and whether fees should be assessed against Plaintiff Alisa Simmons, Plaintiff's counsel, or both and to file a joint status report notifying the Court of the results of the conference. *See id.* The Court further provided that Defendants could file an application for attorneys' fees if the parties did not reach an agreement at the joint status conference. *See id.*

-1-

The parties conferred but did not reach an agreement, and they then filed their joint status report. *See* Dkt. No. 41. Defendants also filed an application for attorneys' fees. *See* Dkt. No. 42. Plaintiff did not file a response to the application for attorneys' fees although the Court's April 23, 2014 order expressly provided an opportunity to do so, and the deadline to file a response has passed. *See* Dkt. No. 39 at 4.

**Legal Standards and Analysis**

<u>The Amount of Reasonable Attorneys' Fees to be Awarded Under Rule 37(a)(5)(A)</u>

The undersigned has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37. *See* Dkt. No. 27; 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam).

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir.1994); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary,

or inadequately documented. *See id.* The hours remaining are those reasonably expended. There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins,* 7 F.3d at 457.

Additionally, a party seeking attorneys' fees may only recover for time spent in preparing the actual discovery motion – that is, the "reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). This can

include fees for a paralegal's time. *See Compass Bank v. Villarreal*, Civ. A. No. L-10-8, 2011 WL 1740270, at *15 (S.D. Tex. May 5, 2011) ("To the extent they are not recoverable as costs or attorneys' fees, the paralegal fees listed in Davis's declarations are recoverable as litigation expenses under Rule 37.").

The undersigned recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, has recently been called into question. *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But in a recent opinion, the United States Court of Appeals for the Fifth Circuit, without comment or reference to the United States Supreme Court's decision in *Perdue*, continued to utilize the approach laid out by this Court. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502-03 (5th Cir. 2013). *But see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, Nos. 12-40997, 12-40998, & 13-40409, ___ F.3d ____, 2014 WL 1698072, at *4 (5th Cir. Apr. 30, 2014) (following *Pilgrim's Pride*).

In *Perdue*, the Supreme Court was ultimately considering the appropriateness of an enhancement of an award of attorneys' fees, and Defendants here have not requested such an enhancement. *See* Dkt. No. 49 at 5. Other factors also distinguish this case from *Perdue*, including the fact that *Perdue* involved a 42 U.S.C. § 1988 claim and the fees were therefore paid by state and local taxpayers. *See Perdue*, 559 U.S. at 558. Moreover, after the lodestar amount is determined, it may not be adjusted due to

a *Johnson* factor that was already taken into account during the initial calculation of the lodestar, *see Saizen*, 448 F.3d at 800, and the lodestar calculation may take into account several *Johnson* factors, *see Black*, 732 F.3d at 503 n.8.

In light of the circumstances in this case – where there is no request for enhancement and no Section 1988 claim – this Court will not address whether *Perdue* changed the landscape of calculating attorneys' fees awards in the Fifth Circuit. Rather, it will take into account the necessary factors when determining the appropriate amount of attorneys' fees.

Defendants seek $4,933.75 in attorneys' fees for 28.4 hours of work performed by attorneys Marigny Lanier and Alise Abel and paralegal Dorothy McDowell. *See* Dkt. No. 42. The requested hourly billing rate for Ms. Lanier is $175; for Ms. Abel, $150; and for Ms. McDowell, $75. *See id.* Defendants' Application for Attorneys' Fees is supported by the Declaration of Marigny Lanier and billing statements from Maris & Lanier, P.C. *See* Dkt. No. 42-1.

Ms. Lanier declares that she is an experienced employment law attorney who has handled many cases in both state and federal court in Texas. She declares that the work for which Maris & Lanier, P.C. seeks attorneys fees was limited to corresponding with Plaintiff's attorney regarding responses to discovery requests; drafting and filing the motion to compel; analyzing Plaintiff's responses and document production to determine if Plaintiff complied with discovery requests; participating in a face-to-face conference with Plaintiff's attorney; researching case law relevant to Plaintiff's failure to respond to discovery; and attending the motion to compel hearing. Ms. Lanier

declares, and the Court finds, that the attorneys and paralegals performing this work possessed the requisite skill and experience to properly perform the legal services rendered.

The billing records generally reflect the work performed by each attorney or paralegal with a narrative description of the work done and the number of hours that it took to complete the work. *See* Dkt. No. 42-1. But a review of the billing records reflects requested fees for a total of 37.15 hours – not 28.4 hours – and reflects a number of hours spent in the course of activities other than those in making the motion to compel or prosecuting that motion.

Additionally, because some of the billing entries used block billing without specifying the time spent on activities related to the motion to compel, it is impossible to determine the exact amount of time spent on the motion to compel and properly awarded under Rule 37(a)(5)(A). The term "block billing" refers to the time-keeping method by which each lawyer or paralegal enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *See Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-cv-913-D, 2005 WL 6789456, at *3 (N.D. Tex. Dec. 20, 2005). Block billing makes it difficult to determine the precise number of hours that should be reduced in each time entry due to vague descriptions. *See id.* at *4. The block billing here makes it impossible to determine, among other things, how much time was devoted to activities directly related to the motion to compel.

The billing entries for which fees are requested reflect billed hours of .80 and 1.20 for Ms. Abel and of 1.20, 2.20, .50, and 1.20 for Ms. McDowell that are for

activities that do not relate directly to making the motion to compel or that include unrelated activities for which the time is not segregated from activities related directly to making the motion to compel. The Court will not award fees for those hours.

Ms. Lanier declares that the rates charged by Maris & Lanier, P.C. are consistent with rates charged by comparable firms, are the standard rates charged in similar matters in which the firm represents similar clients, and are reasonable for work performed in Texas. *See* Dkt. No. 42-1. The Court finds that the prevailing rate in Dallas County for attorneys with the experience, skill, and ability of Defendants' attorneys and paralegal is, if anything, higher than the rates and fees charged by Maris & Lanier, P.C. The Court finds, based on the information and record before the Court, including the Declaration of Marigny Lanier, that the requested hourly rates in this case are reasonable and are within the market rate for attorneys and paralegals handling this type of litigation in the Dallas area. *See generally Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

The Court finds the appropriate lodestar here to be calculated as 10.70 hours for Ms. Lanier at $175.00 an hour ($1,872,50); 17.30 hours for Ms. Abel at $150.00 an hour ($2,595.00); and 2.05 hours for Ms. McDowell at $75.00 an hour ($153.75), for a total of $4,621.25. The Court has considered the *Johnson* factors but notes that the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Here, Defendants do not seek an enhancement of their attorneys' fees, and there are no other exceptional circumstances.

Plaintiff did not file a response to the application for attorneys' fees, but, in the joint status report, Plaintiff challenges the amount of fees sought on the basis that amount is beyond the necessary scope of work required to file a motion to compel and attend a hearing and that two attorneys billed for work on the motion and attended the hearing. *See* Dkt. No. 41. But, except insofar as the Court has already determined to reduce the fee request for hours billed that are inadequately documented or were not incurred in making the motion to compel, the Court finds that Defendants' requested fees are limited to reasonable expenses incurred in making and prosecuting the motion to compel and are properly awarded under Rule 37(a)(5)(A).

<u>Plaintiff's Attorney Should Pay the Attorneys' Fees Award to Defendants</u>

Defendants do not take a position on whether Plaintiff, her attorney, or both should pay the attorneys' fees award under Rule 37(a)(5)(A). In the joint status report, Plaintiff's counsel argues that Plaintiff should pay the attorneys' fees because Plaintiff was not sufficiently cooperative with her attorney in responding to the requests for production. *See id.* at 2-3.

Defendants moved to compel the production of documents because Plaintiff's attorney wholly failed to respond to Defendants' Second Request for Production. *See* Dkt. No. 26. When a party is represented by an attorney, it is the attorney's responsibility to sign and serve discovery responses.

To be sure, "[w]hen a person chooses to file a lawsuit, she must be prepared to accept the duties attached to that choice, which include producing relevant information and documents." *Brown v. MV Student Transp.*, No. 4:11-CV-685 CAS, 2012 WL

2885252, at *2 (E.D. Mo. July 13, 2012). And a client can be held responsible for and is bound by her lawyer's actions. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97(1993) (holding that a client is held responsible for the acts of his counsel).

But counsel, not his client, is responsible for coordinating the preparation of, signing, and serving written responses to discovery requests. Counsel have "an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990). "As to the content and form of [a party's] discovery responses, it is [the party's] counsel's professional responsibility to assist the [party] in answering the discovery requests fully and in accordance with the law." *Maggette v. BL Dev. Corp.*, Civ. A. Nos. 2:07CV181-M-A & 2:07CV182-M-A, 2009 WL 1767091, at *1 (N.D. Miss. June 18, 2009). Indeed, Federal Rule of Civil Procedure 26(g)(1) provides that "every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name – or by the party personally, if unrepresented – and must state the signer's address, e-mail address, and telephone number" and that, "[b]y signing, an attorney or [unrepresented] party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request, response, or objection, it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass,

cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." FED. R. CIV. P. 26(g)(1).

Under Rule 37(a)(5), "the party ... whose conduct necessitated the motion" to compel or the "attorney advising that conduct, or both" may be required "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). Plaintiff's counsel attempts to place the blame for the lack of document production on his client. But Defendants were forced to file their motion to compel because of Plaintiff's attorney's inaction and inattention to this case, including his failures to file any written responses or to respond to Defendants' communications concerning outstanding discovery. The Court granted the motion to compel because "Plaintiff has not provided written responses or produced responsive documents to Defendants' Second Request for Production." Dkt. No. 36 at 2.

The Court does not credit the attempt of Plaintiff's attorney, who failed in his responsibility to comply with the Federal Rules of Civil Procedure, to divert attention to a client who may not fully understand the discovery process, who (according to Plaintiff's counsel) "is not going out of her way to not turn over documents" but "seems unaware of what if any additional documents she is not turning over," and who, as the client of a licensed attorney retained to represent her in this matter, was not the one ultimately responsible for compiling and serving written responses and objections to Defendants' document requests. If the Court had granted the motion to compel only

because Plaintiff failed to provide all responsive documents after her counsel had served written responses and objections and produced some documents, the circumstances might support a different result. But the Court finds that, in this case, an award of attorneys' fees to be paid by Plaintiff's attorney is a more appropriate sanction under Rule 37(a)(5)(A) than an award of fees to be paid by Plaintiff herself.

## Conclusion

Defendants' Application for Attorney's Fees [Dkt. No. 42] is GRANTED in part and DENIED in part under Federal Rule of Civil Procedure 37(a)(5)(A). Plaintiff's attorney, Douglas C. Greene, must pay the firm of Maris & Lanier, 3710 Rawlins Street, Suite 1550, Dallas, Texas, 75219, the amount of $4,621.25 for payment of reasonable attorneys' fees and expenses under Rule 37(a)(5)(A) by **July 10, 2014**.

SO ORDERED.

DATED: June 10, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE